## Keen's Estate.

Argued April 24, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*James A. Walker,* with him *Maurice Stern,* for appellant.—The Act of 1917 has no application to the estates in which persons non compos mentis had an interest: Eckstein's Est., 1 Clark 224; Bevan v. Taylor, 7 S. & R. 398.

The decedent in the instant case belonged to the class described as "ideota." The idiot or natural fool, as this class was described in the Statute of 17 Edward II, never took property but was a ward of the sovereign.

The Act of 1917 does not include the class to whom the award was made, namely, those who are strangers to the blood whence the estate descended: Keen's Est., 293 Pa. 267; Hartman's Est., 4 Rawle 39; Lewis v. Gorman, 5 Pa. 164; Reed v. Geddes, 287 Pa. 274; McDowell v. Addams, 45 Pa. 430; Hart's App., 8 Pa. 32.

*John Stokes Adams,* for appellee.—There is no such thing in Pennsylvania as a common law of inheritance. It is a function of the State to determine what shall be done with the property of a decedent: Guenthoer's Est., 235 Pa. 67; Kirkpatrick's Est., 275 Pa. 271; Frick's Est., 277 Pa. 242; Kates's Est., 282 Pa. 417.

The distribution awarded by the court below was undoubtedly in accord with the provisions of the Intestate Act of 1917 and its decree should therefore be affirmed.

OPINION BY MR. JUSTICE SIMPSON, May 13, 1929:

At all times after attaining her majority, decedent, because of impaired mentality, had been incompetent to make a will. All of her estate was originally inherited from her mother, by virtue of the intestate laws. She left surviving her neither father, mother, husband nor descendants, and hence the court below ordered distribution, in equal shares, to the executor of her twin sister (who had died after decedent) and two half sisters, who were not children of decedent's mother. The executor appeals, alleging the entire fund should have been awarded to him.

He first contends that the Intestate Act of June 7, 1917, P. L. 429, does not apply to the estate of one who never was competent to make a will, and hence distribution should have been made under the Statute De Prerogativa Regis, 17 Edw. II, c. IX, enacted in 1324, though we held in Wright's App., 8 Pa. 57, that cap. X was not in force in this Commonwealth, it and cap. IX being in pari materia, and neither reported to be effective here: 3 Binn. 610. Those interested will find some of the other answers to this contention in the opinion of Judge GEST in the court below: 11 Pa. D. & C. Rep. 499. All we need say on this appeal is that section 27 of the Intestate Act (P. L. 442) states that the statute *"shall* apply to the estates, real and personal, of *all* persons dying intestate on or after" December 31, 1917, as the present intestate did; and, as usual, we decide that "shall" means shall and "all" means all.

Appellant's other contention is that the half sisters of decedent are excluded because her estate was originally derived from one who was not their ancestor. This also is answered by the Intestate Act of 1917. Section 9 (page 436) provides that "In default of issue, father and mother, the real and personal estate of such intestate not hereinbefore given to the surviving spouse, if any there be, shall descend to and be distributed among the collateral heirs and kindred of such intestate, *with-*

*out distinction between those of the whole and those of the half-blood."* As defined in Black's Law Dictionary, page 139, half-blood is "a term denoting the degree of relationship which exists between those who have the same father or the same mother, but not both parents in common." Thus, also, it is defined in 1 Bouvier's Law Dictionary (Rawle's 3d Revision), page 372. The fact that appellees are half-sisters of decedent, and appellant's intestate was a whole sister, is, therefore, a matter of no moment.

Section 13 of the act (page 438) provides that real and personal estates, passing to the next of kin of an intestate, *"shall pass to and be enjoyed by such next of kin, without regard to the ancestor or other relation from whom such estate may have come,*—it being the true intent and meaning of this act that the rule excluding from the inheritance of real estate persons not of the blood of the ancestor or other relation from whom such real estate descended, or by whom it was given or devised to the intestate, be abrogated; and that the heir at common law shall not take, in any case, to the exclusion of other heirs and kindred standing in the same degree of consanguinity with him to the intestate." It is clear, therefore, that even if the estate left by this intestate had been real estate at the time it descended to her (though the record is barren of any evidence thereof), this was a matter of indifference, and the fund for distribution was properly divided equally between the next of kin of the whole and of the half-blood. Appellant's contention that the effect of the word "consanguinity," as used in the last clause of the section, is to limit the benefit of the statute, under the circumstances here appearing, to those who have the same father and mother, thus making it overthrow both this section and section 9, can hardly have been seriously urged; certainly it cannot be seriously considered.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.